ORDER AFFIRMING TRIBAL COURT DECISION

INTRODUCTION

¶ 1 Appellant Martin Martell [Martell] appeals the June 29, 2016 Order of the Fort Peck Tribal Court Denying Motion to Withdraw Guilty Plea. We grant the Appeal and Affirm the Lower Court’s Denial of Motion to Withdraw Guilty Plea.

FACTUAL AND PROCEDURAL HISTORY

¶2 On April 25, 2016, Martell was charged with five counts of Endangering Welfare of Children, a Class A Misdemeanor for the first conviction and a felony for the second and subsequent offenses pursuant to 7 CCOJ § 240-B. Martell appeared in arraignments, was advised of his rights, the charges against him, and maximum possible penalties, and entered a plea of guilty to each charge. The Tribal Court Judge sentenced Martell to 78 days in jail on each charge, to be served consecutively.
¶3 On June 8, 2016, Martell, by and through Counsel Robert Welch, filed a Motion to Withdraw Guilty Plea. The Tribe did not file a Response to the Motion. On June 29, 2016, the Court issued an Order Denying Motion to Withdraw Guilty Plea. Martell then filed a Notice of Appeal and Motion for Summary Ruling on July 28, 2016. Martell argues his appeal is timely because the Tribal Court failed to time stamp the Order Denying Motion to Withdraw Guilty Plea and serve on Martell. Because the time of service is unknown, this Court agrees that Martell’s appeal should be considered timely.

ISSUES

¶4 The Appellant raises the following issue on appeal:
1. Did the Tribal Court abuse its discretion when it denied Martell’s Motion to Withdraw Guilty Plea after finding his guilty plea was given knowingly and voluntarily when the Court informed Martell of his rights, the charges against him, and the maximum possible penalties?

JURISDICTION

¶ 5 The Fort Peck Appellate Court’s jurisdiction is generally limited to reviewing *419 the final orders from the Fort Peck Tribal Court. II CCOJ § 202.

STANDARD OF REVIEW

¶ 6 The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence. II CCOJ § 202. The Fort Peck Appellate Court will review the lower court’s denial of motion for abuse of discretion.

DISCUSSION

¶ 7 Appellant Martell is correct that pri- or to accepting a guilty plea, the Court must personally address the defendant and determine whether the plea is made voluntarily and knowingly by explaining the nature of the charges, the defendant’s rights, and the potential consequences of entering a guilty plea. 6 CCOJ § 401(f)(2); Fed. R.Crim. Pro., Rule 11. Furthermore, the Tribal Court has discretion to allow a criminal defendant to withdraw a guilty plea if it appears that the interest of justice and fairness would be served by doing so. 6 CCOJ § 403.
¶ 8 In the case at hand, Martell was advised of his rights, the charges against him, and the maximum penalties that could be imposed. He was clearly questioned in open court by the Tribal Court Judge as to the voluntariness of his plea and responded that he understood and wished to enter a plea of guilty to each charge. The Court also established a factual basis for the guilty pleas on all five counts in open court. Therefore, the Tribal Court did not abuse its discretion when it found that Defendant entered his pleas of guilty knowingly and voluntarily and, therefore, Denied the Motion to Withdraw Guilty Plea.

ORDER

¶9 For the reasons stated above, we hereby affirm the decision of the Fort Peck Tribal Court Denying the Motion to Withdraw Guilty Plea.
SO ORDERED.